## PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET
**Wednesday, May 23, 1928**

20132-3-4-5-6-7-8-9-40-1-4-5—State ex Turner, Atty. Gen. v. Albin, Blue, Botton, Guilkey, Reid, Schneider, Fassinger, Miller, Jackson, Andrews, Canfield and Oliver. On information Finding of Guilty.

20875—Zangerle, aud., v. state, ex Gallagher, Cuyahoga. Affirmed.

20894—Harmony Realty Co. v. Underwood; Cuyahoga. Judgment reversed and judgment for plaintiff in error.

20911—Western Reserve Steel Co. et v. Village of Cuyahoga Heights et. Reversed.

21048—Minerva-Canton Transit Co. v. P. U. C. Order affirmed.

21106—State ex. Burns Const. Co. v. Delaware Co. Comm.; in mandamus. Dismissed by relator at his costs; without record.

21014—State ex Kleinman v. Cleveland; in prohibition. Demurrer to petition overruled and writ allowed.

20588—Klar v. Erie R. R. Co. et; error to Portage Appeals. Affirmed.

### MOTION DOCKET

21078—Prendergast v. Ginsburg et. Motion for Cuyahoga Appeals to certify. Allowed.

21082—Browning v. State. Motion for leave to file petition in error to Muskingum Appeals. Allowed.

21091—Mooren et v. Flynt et. Motion for Cuyahoga Appeals to certify. Overruled.

21101—River Terminal Ry. Co. et v. McAllister. Motion for Cuyahoga Appeals to certify. Overruled.

21103—Madison Twp. Bd. of Ed. v. Waits. Motion for Perry Appeals to certify. Allowed.

21129—Carley et v. Vanness et. Motion for Hamilton Appeals to certify. Overruled.

21134—Lorain Co. Comm. v. State ex Finegold. Motion for Lorain Appeals to certify. Overruled.

## SYLLABI
## Ohio Supreme Court

STATE ex TURNER, Atty, Gen. v. ALBIN and 12 others. (12 Cases)
Ohio Supreme Court.
Nos. 21032 to 41 inc., 44 and 45.
Decided May 16, 1928.

**293. CONTEMPT—681. Jurisdiction—397a. Disbarment.**

1. Court has power to define and punish contempts and to impose penalty commensurate with gravity of offense.

2. Persons having no official relation to court may be found guilty of contempt.

3. Not necessary that accused completely consummate fraudulent purpose to transgress dignity and honor of court. Unsuccessful attempt sufficient.

4. Court may adjudge respondent guilty of contempt and, in same proceeding, enter order of disbarment.

On Information.
Finding of Guilty.

MARSHALL, CJ.

1. A court created by the constitution has inherent power to define and punish contempts, such power being necessary to the exercise of judicial functions. Hale v. State, 55 Ohio St., 210, approved and followed.

2. Upon the punishment of persons adjudged guilty of contempt, the courts have inherent power to impose a penalty reasonably commensurate with the gravity of the offense.

3. Persons having no official relation to a court may be adjudged guilty of contempt of its processes.

4. It is not necessary to an adjudication of contempt that the accused person completely consummate the fraudulent purpose to trans-

gress the dignity and honor of the court. An unsuccessful attempt to do an act which if consummated would be reasonably calculated to bring the court into disrepute and disrespect is sufficient to justify an adjudication.

5. Where an information is filed against an attorney at law charging the commission of acts constituting a contempt of court and where such acts involve moral turpitude constituting grounds for disbarment and the evidence sustains both the charges of contempt and of disbarment the court may adjudge the respondent guilty of contempt and impose sentence thereon and in the same proceeding enter an order of cancellation of the certificate of such attorney.

(Marshall, CJ., Day, Allen and Matthias, JJ., concur. Robinson and Jones, JJ., concur in the syllabus and the findings of guilty, except as to the respondent John B. Canfield. Kinkade, J., not participating.)